829 F.2d 1119
 RICO Bus.Disp.Guide 6745
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James F. CAMPBELL, Plaintiff-Appellant,
v.
INTERNATIONAL DEVELOPERS, INC.; Montebello Development
Corporation; Montebello Realty, Inc.; Montebello
Associates, Defendant-Appellee,
Guiseppe Cecchi; Paul S. Clohan; Benjamin Liss;
Montebello Condominium Unit Owner Association;
Albert W. Highsmith, Defendant.
 No. 86-1730.
 United States Court of Appeals, Fourth Circuit.
 Argued June 30, 1987.
Decided Sept. 15, 1987.
 
 William Steven Paleos (Paleos & Kurlansky, on brief), for appellant.
 Ronald Lee Lord (David G. Fiske; John E. Coffey; Thomas & Fiske, P.C., on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James F. Campbell appeals the district court's dismissal of his complaint alleging that appellees, International Developers, Inc., et al., violated the provisions of RICO, 18 U.S.C. 1962(c) and (d). Because the complaint fails to allege a pattern of racketeering activity necessary to maintain an action under the RICO statute, we affirm.
 
 I.
 
 2
 Appellant Campbell purchased a condominium unit at the Montebello development in Fairfax County, Virginia, through the sales office of appellee Montebello Associates. Campbell alleges in his complaint that, based on appellees' false and fraudulent assurances of the availability of ample outdoor parking, he purchased the condominium unit without purchasing additional parking spaces. Appellees' false representations were allegedly part of a scheme to sell for higher prices their condominium units by concealing the inadequacy of parking spaces and by discouraging the purchase of indoor spaces to avoid running out of such spaces before all units were sold. Appellees effectuated this alleged scheme by mailing several letters negotiating and concluding the sale.
 
 
 3
 Appellees, International Developers, Inc., et al. , moved to dismiss the complaint pursuant to Rule 12(b)(6). The district court granted the appellees' motion and dismissed the case because the complaint alleged no pattern of racketeering as is necessary to maintain an action under RICO.
 
 II.
 
 4
 Campbell contends that the allegations in the complaint, if accepted as true, set forth activities on the part of appellees that establish a pattern of racketeering sufficient to support a RICO action. Thus, Campbell argues that the district court erred in dismissing the case.
 
 
 5
 We disagree. In Sedima, S.P.R.L. v. Imrex Co., Inc,, 473 U.S. 479 (--1985), the Supreme Court emphasized that a pattern is established by the combination of factors establishing "continuity plus relationship" of racketeering activity. 473 U.S. at 496 n.14. This court, in International Data Bank, Ltd. v. Zepkin, 812 F.2d 149 (4th Cir. 1987), held that to satisfy this requirement "the predicate activities must be related and must be part of a continuous criminal endeavor." 812 F.2d at 154. The activities alleged in appellant's complaint amount to a single, limited fraudulent scheme by the owners of a single condominium development to negotiate and effectuate the sale of units. This isolated fraudulent scheme does not approach the "dimension and degree" of criminal activity to which RICO is directed. Such "ordinary claims of fraud" are best addressed by the state common law of fraud. 812 F.2d at 155. Because the activities alleged in appellant's complaint do not establish a pattern of activity sufficient to bring this case within the ambit of RICO, the judgment of the district court is
 
 
 6
 AFFIRMED.